IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In Re:

WILLIAM MARC BOYD, JR.,                              Case No. 18-30220-KKS

Debtor.
_____

JOHN E. VENN, JR., TRUSTEE,

    Plaintiff,

v.                                                                         Adversary Case No. 18-03012-HAC

WILLIAM MARC BOYD, JR.,

    Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART

    The adversary case is before the court on the plaintiff-trustee's motion for summary judgment (doc. 59). The defendant-debtor William Marc Boyd, Jr., a medical doctor, filed for chapter 7 bankruptcy on March 9, 2018.[1] The trustee claims that the court should deny the debtor a discharge under multiple subsections of 11 U.S.C. § 727. The debtor did not respond to the trustee's motion for summary judgment. For the reasons discussed herein, the court grants the motion in part and by separate order will deny the debtor a discharge under 11 U.S.C. § 727(a)(4)(A).

Analysis

    Under Federal Rule of Civil Procedure 56, applicable here via Federal Rule of Bankruptcy Procedure 7056, "[t]he court shall grant summary judgment if the movant shows that there is no

---

[1] The debtor is married, but his wife did not file for bankruptcy.

1

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The "court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The "court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted . . . but must ensure that the motion itself is supported by evidentiary materials." *Id.* "At the least, the . . . court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101-02. The court's order must "indicate that the merits of the motion were addressed." *Id.* at 1102 (citation and quotation marks omitted).

The trustee has moved for summary judgment on counts I, II, III, and V of the second amended complaint (doc. 24). Counts I, II, and III are for denial of discharge under § 727(a)(2). Count V is for denial of discharge under § 727(a)(4)(A). A finding against the debtor on any of these counts is sufficient to deny him a discharge. *See In re Whigham*, 770 F. App'x 540, 544 (11th Cir. May 10, 2019). Having reviewed the evidence submitted by the trustee, the court denies summary judgment on counts I-III but grants summary judgment on count V.

A. <u>Counts I, II, and III: § 727(a)(2)</u>

11 U.S.C. § 727(a)(2) provides in pertinent part that the court should deny the debtor a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor . . . , has . . . concealed . . . property of the debtor, within one year before the" petition date or "property of the estate, after the" petition date. The trustee must prove that the debtor (1) concealed property [of the debtor] (2) with an intent to hinder, delay, or defraud a creditor (3) within one year of the petition date or after the petition date. *See In re Thacker*, No. 12-50370-KKS, 2015 WL 2455539, at *6 (Bankr. N.D. Fla. May 22, 2015).

Count I: Concealment of interest in 5 Port Royal Way

The trustee contends that the court should grant summary judgment with respect to the debtor's alleged concealment of his interest in property located at 5 Port Royal Way because (1) there were judgments against the debtor and his wife when the property was purchased, (2) the debtor's wife (who purportedly paid the down payment) had no income, and (3) the property was put into the name of the debtor's daughters, Savannah and Annabelle, who were only 19 and 21 at the time. The debtor testified that his daughters bought this property:

> Q:  . . . [I]t's your testimony that Savannah Boyd and Annabelle Boyd purchased 5 Port Royal Way for $575,000, and they paid the cash down out of – what was the name of the company?
>
> A:  Buyandhold.com.   That was their custodial accounts.
>
> Q:  So that's where they got the money to pay the down payment; is that correct?
>
> A:  Yes.

(Debtor Rule 2004 exam, doc. 55, at 47:17-25).

The court must not weigh the evidence, even on an unopposed motion for summary judgment. Genuine issues of material remain on this claim, including whether 5 Port Royal Way was property of the debtor. The court denies summary judgment on count I.

Count II: Concealment of interest in 195 Cottage View Drive

The debtor never responded to the trustee's request for admissions (doc. 44), and thus admitted the matters therein. *See* Fed. R. Civ. P. 36 (applicable by Fed. R. Bankr. P. 7036). The requests for admissions establish that within one year of the bankruptcy filing in March 2018, the debtor (with others) took title to property located in 195 Cottage View Drive. Less than 90 days before filing bankruptcy, in December 2017, the debtor transferred his interest in 195 Cottage View

3

Drive to his wife. Review of the debtor's sworn bankruptcy schedules in the main case shows that he did not disclose the transfer of his interest in 195 Cottage View Drive.

The trustee has submitted evidence of multiple judgments against the debtor dating from 2011 forward, including evidence that a creditor had recently recorded a judgment for over $2.5 million against the debtor when the debtor transferred his interest in 195 Cottage View Drive. (*See* judgments, docs. 56, 58; *see also* requests for admissions, doc. 44). While the court finds below that the trustee's evidence regarding the debtor's transfer of his interest in 195 Cottage View Drive establishes a claim under § 727(a)(4)(A), the court agrees with Judge Karen K. Specie of this district that it does not definitively establish the debtor's intent for purposes of a § 727(a)(2) claim. *See In re Mitchell*, 496 B.R. 625, 642 (Bankr. N.D. Fla. 2013); *see also generally In re Fruitticher*, No. 3:18-CV-1326-JA-EMT, 2019 WL 1082355 (N.D. Fla. Mar. 7, 2019); *In re Eigsti*, 323 B.R. 778 (Bankr. M.D. Fla. 2005). Summary judgment is not appropriate on count II.

Count III: Concealment of employment income

From 2015 through the bankruptcy filing, the debtor has owned his own obstetrics and gynecology practice and has also worked elsewhere. (*See, e.g.*, Debtor Rule 2004 exam, doc. 55, at 14:3-9). He testified that he has not maintained a personal bank account since at least 2015 and that all of his employment income is deposited into a bank account in his wife's name only. (*See id.* at 13:2-15:5; *see also* bank records, doc. 57). There were judgments pending against the debtor dating from 2011, but the debtor did not disclose any of the transfers of his employment income in his sworn bankruptcy schedules. Again, though, the trustee's evidence in support of this claim does not definitively establish the debtor's intent for purposes of a § 727(a)(2) claim, although it does establish a § 727(a)(4) claim, outlined below. Summary judgment is denied on count III.

B.	Count V: § 727(a)(4)(A)

Under 11 U.S.C. § 727(a)(4)(A), the court should deny the debtor a discharge if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account . . . ." "The purpose of § 727(a)(4)(A) is to ensure that sufficient facts are available to all interested persons in the administration of the estate without requiring investigations or examinations to determine whether the provided information is correct."  *In re Mitchell*, 496 B.R. at 631.  The trustee must show that "(1) the debtor made a false statement under oath; (2) the debtor knew the statement was false; (3) the statement was material to the bankruptcy case, and (4) the debtor made the statement with fraudulent intent."  *See id.* at 631-32.

"The veracity of a debtor's schedules and statement of financial affairs is paramount to the successful administration of a bankruptcy case. . . .  When a debtor omits important information and does not make a full disclosure, the debtor places his right to discharge in serious jeopardy."  *Id.* at 632.  "Debtors sign their bankruptcy schedules and statement of financial affairs under penalty of perjury that the information provided and contained with the documents is true and correct."  *Id.* at 637.  "An omission from the debtor's SOFA or schedules may constitute false oaths under [§ 727(a)(4)(A)]."  *See In re Phillips*, 476 F. App'x 813, 816 (11th Cir. 2012); *In re Chalik*, 784 F.2d 616, 618 (11th Cir. 1984); *In re Mitchell*, 496 B.R. at 637; *In re Williams*, No. 12-52521-JDW, 2013 WL 6017464, at *6 (Bankr. M.D. Ga. Nov. 12, 2013).

"The [c]ourt can look to the totality of circumstances, including the recklessness of a debtor's behavior, to infer whether a debtor submitted a statement with intent to deceive."  *In re Mitchell*, 496 B.R. at 640.  "Because debtors generally will not testify as to their own misconduct, that a false oath was made knowingly and fraudulently is generally proven by circumstantial evidence or inferences drawn from circumstances surrounding the debtor."  *Id.*  "The trustee "may show the

5

debtor's fraudulent intent either by establishing that the debtor engaged in a pattern of concealment, or that the debtor possessed a reckless indifference to the truth."  *Id.*; *see also In re Eigsti*, 323 B.R. at 785 ("Summary judgment is appropriate in cases in which fraudulent intent is proven by a pattern of concealment or reckless indifference to the truth.").

If the trustee "brings forward credible evidence establishing [the elements for a § 727(a)(4)(A) claim], the burden shifts to the debtor to convince the court not to deny discharge based on the [trustee]'s evidence."  *See In re Phillips*, 476 F. App'x at 816.

Here, as to the first element and third elements, the trustee has shown that the debtor made multiple omissions on his sworn SOFA and/or schedules, including but not limited to the following, which omissions the court finds were material: transfer of the debtor's interest in 195 Cottage View Drive to his wife, transfers of all of his employment income to his wife, and debts owed on account of judgments obtained by PNC Bank and Citizens Equity First Credit Union in excess of $1 million. (*See, e.g.*, requests for admissions, doc. 44; Debtor Rule 2004 exam, doc. 55, at 13:2-15:5; judgments, docs. 56 and 58; bank records, doc. 57); *In re Mitchell*, 496 B.R. at 639-40; *see also In re Chalik*, 748 F.2d at 618.

As to the second and fourth elements, the debtor's conduct "evidences both a pattern of concealment and a reckless indifference to the truth."  *See In re Mitchell*, 496 B.R. at 640.  "'While an isolated omission may be attributed to oversight, a pattern of omissions clearly warrants the conclusion that the omissions from the [SOFA] and the [s]chedules were made with the requisite fraudulent intent.'"  *Id.* (citation omitted).  At a minimum, the trustee's evidence illustrates "a cavalier disregard for the truth serious enough to supply the necessary fraudulent intent required by § 727(a)(4)(A)."  *See In re Eigsti*, 323 B.R. at 785 (citation and quotation marks omitted).

The trustee has produced credible evidence establishing the elements of his § 727(a)(4) claim. However, the debtor has not come forward with any evidence to raise a genuine issue of material fact about the reasons for the omissions on his sworn SOFA and schedules. Section 727(a)(4)(A) "was enacted to prohibit a discharge for those who play fast and loose with their assets or with the reality of their affairs." *See In re Mitchell*, 496 B.R. at 632 (citation and quotation marks omitted). The court finds that this is such a case and, for the reasons discussed above, grants summary judgment in the trustee's favor on the § 727(a)(4)(A) claim.

## Conclusion

The plaintiff-trustee is entitled to judgment as a matter of law on count V of the second amended complaint alleging a violation of 11 U.S.C. § 727(a)(4)(A). The court will enter a separate judgment denying the debtor a discharge under § 727(a)(4)(A) in accordance with this order.

Because the court is denying the debtor a discharge on count V, the court asks that the trustee file a motion to dismiss promptly, and no later than September 18, 2019, if he does not intend to pursue the remaining counts in the second amended complaint. Otherwise, the court plans to go forward with the pretrial conference scheduled on September 23, 2019 and trial of the remaining counts on October 3, 2019.

Dated: September 11, 2019

_____
HENRY A. CALLAWAY
U.S. BANKRUPTCY JUDGE